UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

LUIS ANTONIO ESCOBAR MARTINEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al,

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:26-cv-01678-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEEDINGS**

On April 6, 2026, petitioner Luis Antonio Escobar Martinez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Docket No. 1). In accordance with the General Order 26-05 (Docket No. 3), on April 13, 2026, Respondents filed a Response to the Petition ("Response") (Docket No. 6).

In their Answer, Respondents acknowledge that Petitioner appears to be a member of the bond-eligible class of detainees certified in Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM ("Bautista"), and that, as such,

1

Petitioner is entitled to a bond hearing pursuant to the judgment in <u>Bautista</u>. (Response at 2 ["Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).   In their Response, Respondents also state that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (<u>Id.</u>).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. Since Respondents concede Petitioner's membership in the bond-eligible class in <u>Bautista</u>, the Court finds Petitioner is entitled to habeas relief and, therefore, grants the Petition.

## II.

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

### III.

### DISCUSSION

As noted, Respondents acknowledge that Petitioner appears to be a member of the bond-eligible class in Bautista, a class action certified in this District and, therefore, is subject to the relief granted to the Bautista class.

Accordingly, the Court grants that the Petition on the basis that Petitioner's detention pursuant to Section 1225(b)(2) of the Immigration and Nationality Act ("INA") was unlawful, as Petitioner's detention should have been considered pursuant to Section 1226(a) of the INA.[1]

Pursuant to the final judgment in Bautista, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, and in which Respondents bear the burden of proof. See Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom.*, Maldonado Bautista v. Noem, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

/ / /

/ / /

/ / /

---

[1]    Because the Court is recommending granting relief on this claim, it does not consider Petitioner's due process claim.

3

## IV.

## CONCLUSION

IT THEREFORE IS ORDERED as follows: (1) Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. Sections 1003.19 and 1236.1, and at which the government bears the burden of proof, within seven (7) days of the date of the date of this Order; (2) Respondents are to provide the immigration judge conducting the bond hearing with a copy of this Order; and (3) Petitioner is to be released from custody within eight (8) days following the date of this Order if he has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

IT IS FURTHER ORDERD that Respondents are to file a statement with the Court within one business day of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED:  May 6, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

4